UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ANTHONY J. PINELLI,

Plaintiff,

v.

BELL & WILLIAMS ASSOCIATES, INC.,

Defendant.

CASE NO. 3:21-cv-00198

# COMPLAINT

NOW COMES the Plaintiff, ANTHONY J. PINELLI ("Plaintiff"), by and through his undersigned counsel complaining of the Defendant, BELL & WILLIAMS ASSOCIATES, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et. seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is this district is proper pursuant to 28 U.S.C. §1391(b)(2) as BELL & WILLIAMS ASSOCIATES, INC. conducts business in the Southern District of Texas and Plaintiff is domiciled here.

1

## PARTIES

4. ANTHONY J. PINELLI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in Galveston, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7. BELL & WILLIAMS ASSOCIATES, INC. ("Defendant") maintains its principal place of business at 7 Wall Street, Windham, New Hampshire 03087.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

9. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

10. At some point, Plaintiff purchased a Harley Davidson Sportster motorcycle through United Bank.

11. Due to unforeseen circumstances, including long-term hospitalization after retiring from the Navy, Plaintiff fell into financial hardship and was unable to pay his United Bank loan, resulting in an alleged unpaid balance (alleged "subject debt").

12. When Plaintiff's balance went allegedly unpaid, the subject debt was turned over to Defendant for collection.

13. In or around mid-June, Plaintiff started to receive text messages and harassing phone calls from Defendant.

14. Some of the text messages sent by Defendant were terribly unconscionable.

15. For instance, one text message states, "I can see why you're in this mess now. We need to make arrangements to pick up the sporster [motorcycle] so we don't have to get the Sherrif involved and maybe your commanding officer."

16. Another text message states, "we have launched a full-scale investigation into this matter including contact with your family and associates, 24hr surveillance, phone calls, text messages, emails, and face to face contact with our agents at your place of employment and home address."

17. In addition to texting and calling Plaintiff, Defendant sent text messages and placed harassing phone calls to Plaintiff's sister.

18. During this communication, Defendant disclosed information regarding the alleged subject debt to Plaintiff's sister.

19. In late June 2021, both Plaintiff and his sister requested that Defendant's harassing phone calls and text messages cease.

20. Plaintiff then received another text message accusing him of putting Defendant on hold during a phone call and not returning, to which he replied, "I came to the phone and no one was there. Please stop calling and texting me. I will contact all of you when a payment can be made. I hope you have a wonderful day, sir."

21. Instead of ceasing contact, Defendant replied with this harassing message: "Unfortunately that's not how things work Tony. The bank doesn't have pay when you can plan. I will be sending my agent with the sheriff to multiple addresses i [sic] have listed for you to secure the [motorcycle]."

22. Unfortunately, Defendant continued to place collection calls and send text messages to Plaintiff.

23. In total, Plaintiff has received numerous unwanted and unconsented-to collection calls and text messages from Defendant after requesting that Defendant cease communication.

24. Defendant places collection calls to Plaintiff and his sister from numbers including but not limited to: (334) 336-2983.

25. Concerned with Defendant's deceptive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

26. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection. This was done because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

27. The FDCPA gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA.

28. Concerned with having had his statutory rights under the FDCPA violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

    **a. Violations of 15 U.S.C. §1692b**

31. Section 1692 b(2) of the FDCPA prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

32. Section 1692b(3) of the FDCPA prohibits a debt collector from contacting a third party on more than one occasion.

33. Defendant violated §1692b(2) when it called the Plaintiff's sister and disclosed confidential information about the debt.

34. Furthermore, Defendant violated §1692b(3) when it contacted Plaintiff's sister multiple times. These calls and texts were made with the intent to humiliate Plaintiff in hopes that he would succumb to the harassment and make an immediate payment on the subject debt.

    b. **Violation(s) of 15 U.S.C. §1692c**

35. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1)      at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a)(1).

36. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls and text messages to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

37. Specifically, after Plaintiff requested that the phone calls and text messages cease, any time that Defendant called or texted Plaintiff was an inconvenient time.

    b. **Violations of FDCPA §1692d**

38. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

39. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

5

40. Defendant violated §§ 1692d and d(5) when it placed numerous unwanted and unconsented-to collection calls and text messages in an attempt to collect the subject debt after Plaintiff requested that the phone calls and text messages cease.

41. Defendant's behavior of systematically calling and texting Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

42. The fact that Defendant knowingly placed calls and sent text messages to Plaintiff after Plaintiff made requests that the calls and texts cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

   c. **Violations of 15 U.S.C. § 1692e**

43. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

44. Section 1692e(5) of the FDCPA prohibits a debt collector from making "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

45. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

46. Defendant violated 15 U.S.C.§§1692e and e(5) when it threatened to engage the Sheriff and Plaintiff's commanding officer in its collection attempts.

47. Further, Defendant violated 15 U.S.C. §§1692e and e(10) when in threatened 24-hour surveillance and face-to-face contact at numerous addresses in order to collect on the subject debt.

48. Upon information and belief, Defendant never intended on

**WHEREFORE** Plaintiff, ANTHONY J. PINELLI, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Section 392.301(7) of the Texas Finance Code prohibits a debt collector from threatening the seizure, repossession, or sale of a consumer's property without proper court proceedings. Tex. Fin. Code Ann. §392.301(7).

51. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

52. Defendant violated Tex. Fin. Code Ann. §392.301(7) by threatening to involve the Sheriff and Plaintiff's commanding officer in repossession of the motorcycle.

53. Moreover, Defendant violated Tex. Fin. Code Ann. §392.301(7) by threatening via text message "face to face contact with [Defendant's] agents at your place of employment and home address.

54. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls and text messages to Plaintiff despite Plaintiff's requests that the collection calls and text messages cease.

55. Defendant's collection calls and text messages were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff, ANTHONY J. PINELLI, requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.301(7) and 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff his reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

**Plaintiff demands trial by jury.**

Dated: July 30, 2021               Respectfully submitted,

**ANTHONY J. PINELLI**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Claimant*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com