UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ANTHONY J. PINELLI, | § |
| | § |
| Plaintiff, | § |
| | § CASE NO. 3:21-cv-00198 |
| v. | § |
| | § |
| BELL & WILLIAMS ASSOCIATES, INC., | § |
| | § |
| Defendant. | § |

## DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE ENTRY OF CLERK'S DEFAULT

Defendant Bell & Williams Associates, Inc. ("BWA") files this Unopposed Motion to Set Aside Entry of Default ("Motion") under Federal Rule of Civil Procedure 55(c). Plaintiff is unopposed to BWA's Motion.

## INTRODUCTION

1. Good cause exists to set aside the Clerk's Default for Plaintiff Anthony J. Pinelli because BWA's failure to timely answer was not willful, Plaintiff will not suffer any prejudice, and BWA has a meritorious defense—namely, that BWA is the wrong defendant in the Complaint. In fact, BWA's counsel has been voluntarily sharing information with Plaintiff's counsel to establish BWA's noninvolvement in Plaintiff's debt collection claims, which will hopefully result in a quick mutual agreement to dismiss the claims asserted against BWA. Despite this being a situation where the wrong entity was sued, BWA is acting diligently and in good faith to investigate the allegations and open up a dialogue with Plaintiff's counsel.

## BACKGROUND

2. Plaintiff's Complaint alleges facts against a debt collector contacting Plaintiff about an unpaid balance on Plaintiff's purchase of a Harley Davidson motorcycle. (Doc. 1.) BWA is not a debt collector and does not employ the debt collector alleged to have contacted Plaintiff.[1] BWA's only role is to assist in the location or repossession of collateral pursuant to a services agreement with one of its clients.[2] Here, BWA was not assigned to locate Plaintiff's motorcycle until July 12, 2021, and BWA ultimately never located the motorcycle, never repossessed it, and never got paid for its search.[3] Plaintiff's Complaint alleges specific communications in June 2021 (prior to BWA's assignment) from a phone number that BWA does not recognize being associated with any of its employees or agents.[4]

3. Plaintiff filed his Complaint on July 30, 2021. (Doc. 1.) Plaintiff served BWA (a New Hampshire corporation) on August 17, 2021. (Doc. 12.) Plaintiff subsequently filed a Motion for Entry of Clerk's Default on September 14, 2021, only seven days after BWA's initial answer deadline.

4. On September 20, 2021, the Clerk granted Plaintiff's Motion for Entry of Clerk's Default.[5] (Doc. 14.) While the Motion for Entry of Clerk's Default was pending,

---

[1] Exhibit 1, Declaration of William Moriarty.

[2] Ex. 1, ¶ 5.

[3] Ex. 1, ¶ 5.

[4] Ex. 1, ¶ 4.

[5] Because this is a Clerk's entry of default, and not entry of a final default judgment, BWA files this Motion pursuant to Fed. R. Civ. P. 55(c).

BWA had already began investigating the allegations in the Complaint to demonstrate to Plaintiff that he has sued the wrong company.[6] Plaintiff's counsel has confirmed that it will not oppose BWA's motion to set aside any entry of default.[7]

## ARGUMENT

5. Under Rule 55(c), courts may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good cause standard is a liberal one. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause to set aside entry of default, courts consider the following factors: (1) whether the failure to respond was willful; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense. *Id.*; *see also CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (holding that the former willful standard should be replaced with "the less subjective excusable neglect standard in the future" when determining whether good cause exists to set aside a default judgment).

6. The first factor (willfulness) weighs in BWA's favor. BWA's failure to timely respond to this lawsuit was not willful,[8] and in fact, BWA was proactive in investigating the allegations after learning of the lawsuit.[9] BWA's counsel contacted

---

[6] Ex. 1, ¶ 3.

[7] Ex. 1, ¶ 3.

[8] Ex. 1, ¶ 2.

[9] The "the promptness with which the moving party responds" to the default has been viewed as an additional factor in the analysis or as part of the good-faith prong. *See Pinson*, 316 F. App'x at 750; *Harris v. Advance Systems, Inc.*, No. 92-1108-B, 1992 WL 221755, at *1 (D. Kan. Aug. 19, 1992).

Plaintiffs' counsel to deny the allegations in the Complaint and offer to voluntarily collect information for Plaintiff to identify the proper target.[10]  BWA also did not engage in any "culpable conduct" that led to the entry of Clerk's Default and instead acted in good faith upon learning of the pending default.  *See Pinson*, 316 F. App'x at 750 (good faith sufficient to set aside entry of default evidenced by filing motion to set aside six days after default entered).

7. The second factor (prejudice) also weighs in BWA's favor.  Plaintiff filed his Complaint less two months ago.  BWA's Motion is being filed within four days of the entry of Clerk's default, and sixteen days after its initial answer date.  There will be no limitations concerns, loss of evidence, or increased difficulties in discovery that would prejudice Plaintiff.  As stated by the Fifth Circuit, "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy v. SitelCorp.*, 227 F.3d 290, 293 (5th Cir. 2000) (*quoting Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). "[M]ere delay does not alone constitute prejudice." *Id.* "[T]he plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (*quoting Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)).  This factor supports good cause to set aside the default.

8. The third factor (meritorious defense) also weighs in BWA's favor. BWA's primary defense in this lawsuit is that Plaintiff simply sued the wrong party.  BWA is not

---

[10] Ex. 1, ¶¶ 2-3.

a debt collector, is not a lender, was not involved in or aware of the alleged debt collection communications identified in the Complaint, and has no association with the phone number listed in the Complaint (which has an area code located in Alabama).[11]  Regardless of whether the allegations even constitute actionable violations, BWA is not the entity at the center of Plaintiff's Complaint.  To show a meritorious defense, a defendant "need not prove that it will likely succeed on the merits." *iLife Techs., Inc. v. ActiveCare, Inc.*, No. 3:12–CV–5161, 2013 WL 1943322, at *2 (N.D. Tex. May 10, 2013) (Lynn, J.).  Rather, "[a] defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *J&J Sports Prods., Inc. v. Moso Ventures, Inc.*, No. 3:11–CV–1767–N, 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012), adopted by 2012 WL 3846514 (N.D. Tex. Sept. 5, 2012) (citation omitted).  This defense is sufficient to set aside the entry of default.  To the extent BWA is not dismissed prior to answering the lawsuit, BWA will further set forth its defenses in a responsive pleading at the appropriate time.

## CONCLUSION

Defendant Bell & Williams Associates, Inc. respectfully requests that the Court grant this Unopposed Motion and that the Court set aside and vacate the Entry of Clerk's Default entered on September 20, 2021, that the Court allow Defendant to respond to the Complaint, and that the Court grant Defendant such other relief to which it shows itself justly entitled.

---

[11] Ex. 1, ¶¶ 3-5.

Dated:  September 24, 2021

        Respectfully submitted,

        **LOCKE LORD LLP**

        */s/ Jonathan Pelayo*
        Jonathan Pelayo (Attorney-in-Charge)
        jpelayo@lockelord.com
        Texas State Bar No. 24060402
        Federal ID No. 876525
        600 Travis Street, Suite 2800
        Houston, Texas 77002
        (713) 226-1359 (Telephone)
        (713) 223-3717 (Facsimile)

        Sagar Patel
        sagar.patel@lockelord.com
        Texas State Bar No. 24088195
        S.D. Tex. No. 615599
        LOCKE LORD LLP
        600 Travis Street, Suite 2800
        Houston, Texas 77002
        (713) 226-1296 (Telephone)
        (713) 223-3717 (Facsimile)

        **ATTORNEYS FOR DEFENDANT**
        **BELL & WILLIAMS ASSOCIATES, INC.**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Plaintiff's counsel regarding this motion, and Plaintiff is not opposed to setting aside the entry of default.

*/s/ Jonathan Pelayo*
Jonathan Pelayo

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on September 24, 2021 the following parties or counsel via CM/ECF:

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Counsel for Claimant
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
*Attorneys for Plaintiff Anthony J. Pinelli*

*/s/ Jonathan Pelayo*
Jonathan Pelayo